OPINION
PER CURIAM.
Thomas Twillie, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendants in his civil rights action, and an order denying his motion for reconsideration. We will affirm.
Twillie filed a complaint against Bradley Foulk, the District Attorney of Erie County, Pennsylvania, Detective Thomas Nelson of the Erie Police Department, and Steve Franklin, Chief of the Erie Police Department.[1] Twillie alleged that he mailed an informal letter to District Attorney Foulk seeking access to evidence used seventeen years earlier in his felony rape trial for purposes of DNA testing. Twillie was convicted of rape in 1987. Twillie alleged that Foulk replied that he had no right to the DNA evidence. As a result, Twillie filed a motion in state court seeking access to the evidence, but he was unsuccessful at the trial court level and on appeal.
Twillie further alleged that he filed his present complaint in order to gain access to the evidence and that it was only in these proceedings that Foulk revealed that the rape kit had been destroyed. Twillie asserted that, by denying him access to the DNA evidence, Foulk forced him to file costly and time-consuming motions in state and federal court and made it impossible for him to challenge the legality of his confinement. Twillie claimed that Foulk acted in bad faith and denied him his due process rights. Twillie further claimed that Detective Nelson, acting under Chief Franklin’s supervision, violated his due *303 process rights by destroying the evidence, which they knew was potentially exculpatory. Twillie sought compensatory and punitive damages.[2]
The Magistrate Judge recommended that the District Court grant the defendants’ motions for summary judgment. The Magistrate Judge explained that Twil-lie’s claims against Franklin were based on the incorrect premise that Franklin had ordered the destruction of the evidence at issue, noting that Franklin had attested that he had no involvement in Twillie’s prosecution or the maintenance of the evidence. Similarly, the Magistrate Judge concluded that Nelson did not destroy the evidence, based on the affidavit of Detective Patrick Howe, who attested that another detective had destroyed the rape kit. The Magistrate Judge also concluded that Foulk was entitled to summary judgment on Twillie’s claim that Foulk denied him access to the DNA evidence because the evidence was destroyed long before Twil-lie’s request. The Magistrate Judge noted that Foulk may have been negligent in failing to inform Twillie that the evidence had been destroyed, but that such a failure did not rise to the level of a constitutional claim.
The District Court adopted the report and recommendation of the Magistrate Judge with respect to Twillie’s claims against Foulk and Franklin. The District Court rejected the Magistrate Judge’s recommendation as to Twillie’s claims against Nelson because Twillie submitted with his objections to the Magistrate Judge’s report an affidavit from Foulk, which stated that Foulk believed that Nelson had destroyed the rape kit. Concluding that there was a genuine issue of material fact as to whether Nelson was involved in the destruction of the evidence, the District Court recommitted the matter to the Magistrate Judge.[3]
The Magistrate Judge then recommended that the District Court grant summary judgment for Nelson on other grounds he had raised in his summary judgment motion. The Magistrate Judge decided that a damages award on a claim that potentially exculpatory evidence was improperly destroyed implicitly questioned the validity of Twillie’s conviction and was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Alternatively, the Magistrate Judge concluded that Twillie’s claims arising from the destruction of evidence were barred by the doctrine of qualified immunity. The District Court adopted the Magistrate Judge’s report and recommendation. Twillie unsuccessfully moved for reconsideration, and this appeal followed.
We need not resolve the difficult question of whether Twillie’s claims arising from the destruction of evidence are barred by Heck, 512 U.S. 477, 114 S.Ct. 2364, because, even assuming that they are not so barred, there has been no due process violation in this case. The United States Supreme Court recently addressed a state prisoner’s due process right to post-conviction access to evidence for purposes of DNA testing. In District Attorney’s Office v. Osborne, — U.S.-, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009), the Su *304 preme Court stated that a criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man and that a state has more flexibility in deciding post-conviction relief procedures. Id. at 2820. The prisoner in Osborne had not tried to obtain in state court the DNA testing he sought via his federal lawsuit, and the Supreme Court stated that he thus could not complain that the procedures, which were adequate on their face, did not work in practice. Id. at 2821. The Supreme Court also rejected the prisoner’s argument that he had a substantive due process right to the state’s evidence so that he could apply new DNA-testing technology that might prove him innocent. Id. at 2322. The Supreme Court noted that establishing such a right would force the Court to act as policymakers, requiring it to decide related issues such as the obligation to preserve forensic evidence that might later be tested. Id. at 2323.
Twillie argues in his brief that his procedural due process rights have been violated and asserts that the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which require disclosure of material exculpatory evidence to a defendant before trial, apply here. The Supreme Court, however, rejected such a conclusion in Osborne. Osborne, 129 S.Ct. at 2319-20.
Twillie does not challenge the constitutionality of Pennsylvania’s requirements for obtaining post-conviction DNA testing under 42 Pa. Cons.Stat. § 9543.1(c)(3). Rather, he contends that the state courts failed to consider, as required by the statute, whether his “participation” in the crime was at issue at trial.[4] Assuming this argument is properly before us, it is without merit. The record reflects that, in affirming the denial of DNA testing, the Pennsylvania Superior Court stated that Twillie did not show that his identity was at issue at trial and that his defense at trial was that the victim had consented to sexual intercourse. Moreover, the Superior Court explained that Twillie did not raise during trial a defense of mistaken identity “or deny the fact that he had a sexual encounter with the victim.” 4/4/05 Pa. Superior Court Decision at 6. Thus, contrary to Twillie’s argument, the Superi- or Court did address his participation in the crime.
To the extent Twillie claims a violation of his substantive due process rights, it follows from Osborne that, if there is no substantive due process right to access state evidence for purposes of post-conviction DNA testing, there is no violation of substantive due process rights where a prisoner seeks access to state evidence for purposes of post-conviction DNA testing and learns that the evidence has been destroyed. We thus conclude that the District Court did not err in granting summary judgment for Appellees Nelson and Franklin, albeit on different grounds. See Tse v. Ventana Medical Systems, Inc., 297 F.3d 210, 224 (3d Cir.2002) (noting appellate court may affirm a decision on a ground other than that relied on by the district court).[5]
*305 We also agree with the District Court’s conclusion that Appellee Foulk’s denial of Twillie’s request for access to the evidence did not violate his due process rights. Finally, the District Court did not abuse its discretion in denying Twillie’s motion for reconsideration.
Accordingly, we will affirm the orders of the District Court. Appellees’ motion for leave to file supplemental appendix, which may be construed as a motion to expand the record, is denied.

. The complaint that Twillie pursued was his second amended complaint filed on May 17, 2007.

. Twillie also asserted that the defendants discriminated against him and that Nelson falsely stated at the time of the crime that he and his co-defendant had confessed, causing the rape charges to be filed against him and precluding a full range of testing of the evidence. Twillie also brought a state claim of intentional infliction of emotional stress. Twillie does not pursue these claims in this appeal.

. After the District Court issued its opinion, the defendants filed a supplemental affidavit by Detective Howe attesting that he had made an error in his earlier affidavit and that Nelson had in fact authorized the destruction of the rape kit in 1993.

. The statute requires an applicant to:
(c) present a prima facie case demonstrating that the:
(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and
(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
(A) the applicant’s actual innocence of the offense for which the applicant was convicted[.]
42 Pa. Cons.Stat. § 9543.1(c)(3).

. Based on our conclusion that Appellees Nelson and Franklin are entitled to summary *305 judgment for these reasons, we need not address the District Court's conclusions that the doctrine of qualified immunity applies and that Franklin was not involved in the maintenance of the evidence at issue. It is also unnecessary to address Twillie's contention that the Appellees failed to serve him the affidavits filed in District Court. Because Twillie does not have a viable due process claim, we reject Twillie's argument that the District Court erred in refusing to allow him to conduct discovery regarding the circumstances of the destruction of evidence or to explore whether the evidence was in fact destroyed.'